UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:11-cr-0239-TWP-DML-1 |
| CHRISTOPHER EADS, | ) ) ) |
| Defendant. | ) |

**Entry Concerning Selected Matters**

This matter is before the Court on Defendant Christopher Eads' Motion for Further Consideration [Dkt. 209], Motion for Reconsideration [Dkt. 211] and his request for leave to proceed on appeal *in forma pauperis* Dkt. [215]. For the reasons stated below the motions are denied.

**I.**

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for

reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The Defendant's Motion for Reconsideration [Dkt. 211] is **denied** because he has not shown a basis on which the decision should be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier. *See Patel v. Gonzales* 442 F.3d 1011, 1015-16 (7th Cir. 2006). The Motion for Further Reconsideration [Dkt. 209] is **denied** for the same reason.

## II.

A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). There is no objectively reasonable argument the defendant could present to argue that the ruling of July 27, 2017 was erroneous. In pursuing an appeal, therefore, the defendant "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and his request for leave to proceed on appeal *in forma pauperis* Dkt. [215] is **denied.**

IT IS SO ORDERED.

Date: 8/11/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to all electronically registered counsel via CM/ECF and by U.S. mail to:

CHRISTOPHER JUSTIN EADS
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734