**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cr-00239-TWP-DML |
| | ) |
| CHRISTOPHER JUSTIN EADS | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PENDING MOTIONS

Before the Court are several motions filed by *pro se* Defendant Christopher Eads concerning the return of property. Eads has filed an Emergency Motion to Compel the United States to Comply with this Court's Order to Return Property Dkt. [222], a Motion to Transfer the Bersa Handgun to a Third Party, Dkt. [224], a Motion to Compel the United States to Return Eads' Android Brand Cell Phone and Protective Case, Dkt. [232], and a Motion for Return of Property Under Federal Rules of Criminal Procedure Rule 41(g), Dkt. [234]. For the reasons explained below, each of the Motions are **denied**.

## I.  DISCUSSION

Following a four-day trial ending on February 24, 2012, Eads was convicted of possession and distribution of child pornography and tampering with a potential witness, and was sentenced to 480 months imprisonment. Following a hearing on a motion for new trial and the denial of that motion on May 4, 2012, Eads' conviction was affirmed on appeal in *United States v. Eads*, 729 F.3d 769, 771–72 (7th Cir. 2013). On June 5, 2012, the Court granted a Preliminary Order of Forfeiture forfeiting Eads' interest in "various computer equipment" and other property Dkt. [138]. On June 20, 2014, the Court granted a Final Order of Forfeiture regarding certain property Dkt.

[189].   Thereafter, Eads and his wife, Rachael Smith, filed several motions for return of certain property, which included the return of a Bersa Handgun and Android brand cell phones, pursuant to Federal Rule of Criminal Procedure 41(g).   Dkt. [194], Dkt. [195], Dkt. [196]. This rule can also be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence—unless, of course, it has been forfeited in the course of those proceedings.   *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003).

On July 26, 2017, this Court ordered that the United States return certain property to Harry Eads – a third-party selected by Eads and his wife. Dkt. [208]. The Court specifically denied the return of the Black Bersa handgun because that handgun was the subject of a civil forfeiture action. In compliance with the Court's Order, on October 10, 2017, the Federal Bureau of Investigation timely released the following items to Harry Eads:

- Three Android brand cell phones (Pantech Cellular telephone, model P7040, SN ending: 5571 and charger; Samsung Z400 Phone, VDN ending: 0530; and LG T-Mobile Phone with power cord; Cell phone Box – LG G2x T-Mobile with receipt);

- Digital media storage devices (various burned CD's/DVDS; One CD/DVD; Three DVDs);

- Filing Box and documents (Black Plastic Box with documents; Comcast and IPL bills in the name of Christopher Eads; Documents; One yellow paper with handwriting);

- Various letters and envelopes;

- Various photographs;

- Jazz DV140 Video recorder with SD Card;

- Vivtar Vivicam 9112 Digital Camera w/ SD Card;

- Five striped towels;

- One men's silver ring; and

- One flashlight and mount.

Additionally, Harry Eads received a firearms box and a Century International Arms Pistol (9mm) Box. *See* Attachment 2, Receipt for Property. Dkt. [233]-2.

In his pending motions, Eads is again requesting the release of the Bersa handgun and a particular Android brand cell phone with a protective case, which he says was listed as Trial Exhibit 248 during his jury trial. Eads explains that he wishes to sell the items for cash. He contends the cell phone with protective case is worth $920.00.[1] Eads concedes that he is a prohibited person and not allowed to possess a firearm, however, he desires to have a third-party possess and sell the firearm on his behalf.

The Government responds to Eads' motions and argues the Emergency Motion to Compel, Dkt. [222], should be denied as moot since this property was released to Eads and his wife through a mutually agreed upon third-party on October 10, 2017. The Court agrees that there is no emergency and the Government has complied with the Order to Return Property. Accordingly, Dkt. [222] is **denied** as moot.

Regarding the Bersa handgun the Government notes that this property is subject to a civil forfeiture action in *United States of America v. Black Bersa, Thunder 40 Pistol, .40 Caliber, SN: XX8010; Ten .40 Caliber Rounds of Ammunition, and Black Plastic Gun Case (Asset Identification Number: 12-FBI-002594)*, Case No. 1:17-cv-02475-TWP-DML. In addition, Eads filed an appeal of the Court's July 26, 2017 Order, Dkt. [213], concerning return of his property, including the Bersa handgun. That appeal is currently pending before the Seventh Circuit Court of Appeals.

A party cannot use a Rule 41(g) motion to challenge a forfeiture by the federal government.

---

[1] Eads' estimation of the value of his cell phone is greatly inflated; a 2011 android cell phone would have little, if any, value today. See flipsy.com (Flipsy looks all over the web to find trust-verified stores that make cash offers for a cell phone).

*Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).   Nor does the Court have jurisdiction to order the return of property that has been seized and forfeited by state authorities under state law.   *See, e.g., United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). The Government argues that this Court is unable to order the return of the Bersa handgun, therefore Eads' Motion to Transfer the Bersa Handgun should be denied. Because the firearm is subject to a civil forfeiture action as well as an appeal, this Court currently lacks jurisdiction. The determination regarding return of the Bersa firearm will be resolved in other proceedings and Dkt. [224] is **denied**.

In response to Eads' motion for return of the "Android Brand Cell Phone, and Protective Case," the Government asserts that the receipt of property signed by Harry Eads indicates the return of three android cell phones, including one identified as "LG TMobile Phone w/power cord".   *See* Dkt. [233]-2.   The Government mistakenly asserts that this phone is the same phone listed as Trial Exhibit 248 during the jury trial.   In doing its due diligence, the Court examined the trial exhibits admitted into evidence and has determined that Trial Exhibit 248 is presently in the custody of the Clerk of this Court.   The Local Rules regarding custody of files and exhibits, is as follows:

> **(a) Custody During Pendency of Action.** Any item offered into evidence in a case—other than contraband exhibits—will be placed in the clerk's custody. Unless the court orders otherwise, these items may not be claimed from the clerk until the case is disposed of as to all issues, including appeals.
>
> **(b) Claiming Items After Disposition of Action.** The party that offered the items into evidence must claim them from the clerk:
>
>> **(1)** if the case is not appealed, within 90 days after the case is disposed of as to all issues;
>> **(2)** if the case is appealed, within 28 days after the mandate of the reviewing court is filed in the clerk's office and the case is disposed of as to all issues, unless otherwise ordered.

**(c) Procedure for Claiming Items.** No motion or order is necessary to claim the items. The party withdrawing them must give the clerk a detailed receipt when the items are withdrawn. The clerk must file the receipt in the cause.

**(d) Failure to Claim Items**. If the parties fail to claim the items within the deadline in subdivision (b), the United States Marshals Service may sell the items in a public or private sale or dispose of them in any manner directed by the court. If sold, the proceeds, less the expense of sale, will be paid into the court's registry.

**(e) Contraband Exhibits.** Contraband exhibits (such as controlled substances, money, and weapons) may not be placed in the clerk's custody. They must be released to the investigative agency when the case is concluded. The investigative agency must give the clerk a detailed receipt when the contraband exhibits are released.

Local Rule 79-1.

The Government can only return property in its possession. The cell phone listed as Trial Exhibit 248 is not currently in the Government's possession; accordingly, the Court **denies** Eads' motion for return of the "Android Brand Cell Phone and Protective Case" Dkt. [232]. The Mandate on Eads' direct appeal was docketed on October 15, 2013 and the Court considers this case disposed.[2] Although the time for claiming the trial exhibits has expired, Trial Exhibit 248 remains in the custody of the Clerk. The Government is instructed to claim all of its admitted trial exhibits within 28 days from the date of this Order. The Court notes that Trial Exhibit 248 is only a cell phone and there is no protective case. Once the cell phone is claimed, the Government should make arrangements to release it to Harry Eads.

Eads filed his latest Motion for Return of Property Under Federal Rules of Criminal Procedure 4(g) Dkt. [234] on October 30, 2017. Eads explains that he is filing "this 41(g) motion for the return of his property anew" and he requests, "yet again, for EVERY SINGLE piece of his

---

2 Eads appeal of his §2255 motion is pending in related case No. 1:14-cv-1169-TWP-DML. The appeal in the related case does not challenge any trial exhibits. If the Government believes the Clerk should continue to retain possession of the trial exhibits, they may file the appropriate motion.

property seized by any and all law enforcement agencies" be returned.[3]   Because he is asking the

Court to "yet again" rule on previously ruled upon matters, the Court treats this motion as a motion

to reconsider.

Motions to reconsider serve a limited function, to be used "where the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court

by the parties, or has made an error not of reasoning but of apprehension."   *Davis v. Carmel Clay*

*Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales,*

*Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted).   A further basis for a

motion to reconsider would be a controlling or significant change in the law or facts since the

submission of the issue to the Court.   *Id*.   Such problems rarely arise and the motion to reconsider

should be equally rare.   *Id*.   A court may grant a motion to reconsider where a movant

demonstrates a manifest error of law or fact.   *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).   A

motion to reconsider is not an occasion to make new arguments.   *Granite State Ins. Co. v.*

*Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

The Court has already ruled on the motion for return of all property that was seized

surrounding Eads' arrest and conviction. *See* Dkt. [208]. Eads has not demonstrated a manifest

error of law or fact in the Courts Order concerning return of property, accordingly his motion in

Dkt. [234] is **denied**.   Additionally, as stated earlier, Eads appeal of Dkt [208] is pending.   If the

Court did err, the appellate court will make that determination.

---

[3] Eads request in Dkt. 234 references the return of "several hard copy photographs and certificates that were used as trial exhibits for the Government". As stated above, the trial exhibits are presently in the custody of the Clerk.   The Government is instructed to collect its trial exhibits within 28 days. The Court reminds Eads that some of the documentary exhibits such as photographs and certificates suffered water damage from a leak in the roof of the Birch Bayh Federal Courthouse on May 1, 2012. Remediation was attempted, however some of the documents and photographs are damaged.   *See* Dkt. [103], Dkt. [139].

## II. CONCLUSION

For the reasons set forth above, Eads' *pro se* motions, Emergency Motion to Compel the United States to Comply with this Court's Order to Return Property, Dkt. [222], Motion to Transfer the Bersa Handgun to a Third Party, Dkt. [224], Motion to Compel the United States to Return Eads' Android Brand Cell Phone and Protective Case, Dkt. [232], and Motion for Return of Property Under Federal Rules of Criminal Procedure Rule 41(g), Dkt. [234], are **DENIED**.

Pursuant to Local Rule 79-1, the Government is instructed to contact the Courtroom Deputy Clerk regarding claiming all of the admitted trial exhibits, within 28 days from the date of this Order.

**SO ORDERED.**

Date: 11/8/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Eads, #10391-028
United States Penitentiary
P.O. Box 24550
Tucson, Arizona   85734

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov