UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00239-TWP-DML |
| | ) | |
| CHRISTOPHER JUSTIN EADS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 1:11-cr-00239-TWP-DML |
| CHRISTOPHER JUSTIN EADS, Defendant. | ) | -01 |

**ORDER**

This matter is before the Cour on Defendant Christopher Justin Eads's second Motion Seeking Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A), (Dkt. 284). Also pending are four Motions To Supplement his motion seeking compassionate release, (Dkts. 286, 287, 289 and 301). For the reasons explained below, Mr. Eads's second motion for compassionate release is **denied**. His motions to supplement his motion seeking compassionate release are **granted** to the extent that the Court took them into consideration when determining his motion for compassionate release.

## I. BACKGROUND

Mr. Eads was indicted on charges of Count 1: distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); Count 2: possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); Count 3: Felon in Possession of a firearm, in violation of 18 U.S.C. § 922(g); Count 4: impersonating an officer or employee of the United States in violation of 18 U.S.C. §; and Count 5: tampering with a witness, in violation of 1512(b)(1). The undersigned cautioned Mr. Eads about the perils of self-representation in a criminal trial, but he chose to represent himself anyway. The parties agreed to severance of counts 1, 2 and 5 from counts 3 and

4 of the Indictment and two separate jury trial were held. (Dkt. 78). Mr. Eads was found guilty of all counts charged, and he is currently serving a 480-month sentence of imprisonment. The evidence presented at his two jury trials showed that Mr. Eads possessed 6,937 images of child pornography, many of which he shared with other Internet users via a shared drive. (Dkt. 132 at 6-7). Mr. Eads told his wife that he was an FBI agent who needed to review child pornography for his job. *Id.* at 4. Upset that she recounted his lies to law enforcement, he tried to coerce her into retracting her statements during telephone calls—which were recorded—while he was in jail awaiting trial. *Id.* at 7. Mr. Eads's wife told detectives that the handgun they found during a search of the home belonged to Eads—which was a problem because Eads was a convicted felon. (Dkt. 187 at 6).

The Court denied Mr. Eads's first motion for compassionate release on November 23, 2021, on the basis that he failed to show why his risk of getting COVID-19 or suffering a more severe illness from the virus was an extraordinary and compelling reason for compassionate release, especially given the fact that the COVID-19 vaccine was widely available at the time and he did not have any medical conditions that would increase the severity of a COVID-19 infection. (Dkt. 279).

Mr. Eads filed his second Motion for Compassionate Release on October 28, 2024. (Dkt. 284). Unlike his first motion for compassionate release, Mr. Eads does not focus on his risk of getting COVID-19. Instead, he argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he received an unusually long sentence and there is a disparity in his sentencing when compared to defendants with similar convictions, (2) the BOP mishandled the COVID-19 pandemic, (3) he wishes to be a secondary caregiver to his parents, (4) he is suffering from serious health issues, (5) he was a victim of assault by BOP officers as well as other

inmates where BOP officers were deliberately indifferent because he is a convicted sex offender that resulted in serious physical injuries, and (6) he has engaged in rehabilitative efforts while incarcerated.

The Bureau of Prisons ("BOP") currently reports Mr. Eads's anticipated release date as July 30, 2047. *See* https://www.bop.gov/inmateloc/ (last visited November 5, 2026).

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court begins with Mr. Eads claim that he received an unusually long sentence and that there is a disparity in his sentencing when compared to defendants with similar convictions, resulting in an extraordinary and compelling reason for compassionate release. Mr. Eads claims that the reason he received an unusually long sentence compared to other defendants is because he

"exercised his right to trial". However, he does not provide any evidence for this assertion. He seems to be dissatisfied that he was sentenced to the maximum sentence for his crimes and does not believe that it was the proper or just punishment for his offense since he had no direct victim. (Dkt. 284 at 11-13). Indeed, the authorized term of imprisonment for his first and third charge is 5-20 years and 2-10 years for his second charge. (Dkt. 132 at 17); *see* 18 U.S.C. § 2252(b)(1) and (2) and 18 U.S.C. § 1512(b)(3). However, the guideline range for his total offense level of 47 and criminal history category of V is life. *Id.* Therefore, he did not receive an unusually long sentence and there is not a disparity between his sentence and those of other defendants based on his charges.

To the extent that Mr. Eads's arguments about his sentence amount to an attempted collateral attack on his conviction and the validity of his sentence, such arguments do not provide a compelling and extraordinary reason for purposes of a compassionate release motion. *See Fernandez v. United States*, 608 U.S. 411, 430 (2026); *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023). Therefore, his claims cannot be the basis for an extraordinary and compelling reason for compassionate release.

Next, Mr. Eads claims that the BOP's mishandling of the COVID-19 pandemic qualifies as an extraordinary and compelling reason for compassionate release. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Eads's district of incarceration, but they are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle."); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (medical issue can be addressed through vehicles other than compassionate release).

Moreover, every inmate at Mr. Eads's facility, and indeed, many inmates across the country, dealt with similar issues as well as harsh and restrictive conditions like lockdowns and quarantines due to the pandemic. Mr. Eads simply has not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Indeed, the Court has already denied Mr. Eads's previous motion for compassionate release related to COVID-19. (*See* Dkt. 279).

Next, Mr. Eads claims that he wishes to be a secondary caregiver to his parents and that this qualifies as an extraordinary and compelling reason for compassionate release. While the Sentencing Guidelines do consider the family circumstances of the defendant when looking at compassionate release, the defendant must be "the only available caregiver" for the family member. *See,* U.S.S.G. § 1B1.13(b)(3). Mr. Eads admits that he would be the "secondary form of caregiver" for his mother and father, not the only caregiver. (Dkt. 284 at 16). Moreover, he states in a supplement to his motion for compassionate release that his father's wife is currently caring for him. (Dkt. 301). Therefore, someone else is available to provide care for both his mother and father. Indeed, according to the presentence investigation report, Mr. Eads has a brother that lives near both parents. (Dkt. 132 at 14). Therefore, his parents' medical circumstances cannot form the basis of an extraordinary and compelling reason for compassionate release.

Next, Mr. Eads claims that he is suffering from serious health issues that qualify as an extraordinary and compelling reason for compassionate release. Mr. Eads proffers that he suffers from long COVID-19, neurological issues, breathing problems due to injuries sustained during an assault, vision loss due to the assault, PTSD, anxiety, and a nightmare disorder. However, Mr.

Eads has not provided any evidence that these health issues substantially limit his ability "to provide self-care within the environment of a correctional facility," as required by U.S.S.G. § 1B1.13(b)(1)(B), or that he is not receiving proper care. Indeed, the medical records provided by Mr. Eads show that he has been seen by medical professionals while being incarcerated several times and been treated for these health issues. *See, e.g.*, (Dkt. 284-24, Dkt. 284-27, and Dkt. 284-29). Therefore, Mr. Eads has not met his burden that his health issues provide an extraordinary and compelling reason for compassionate release.

Next, Mr. Eads claims that he was a victim of assault by BOP officers as well as other inmates where BOP officers were deliberately indifferent because he is a convicted sex offender that resulted in serious physical injuries. He argues that these assaults qualify as an extraordinary and compelling reason for compassionate release. To the extent that Mr. Eads is claiming the indifference of BOP officers when he was assaulted by other inmates, that would be the basis for a civil suit, which Mr. Eads states he is pursuing, not a compassionate release motion.

Regarding the claim that Mr. Eads was assaulted by BOP officers that resulted in serious physical injury, the Sentencing Guidelines do provide this as an extraordinary and compelling reason for compassionate release if "the misconduct [is] established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." Mr. Eads has supplemented his motion for compassionate release stating that his civil case against the United States regarding the BOP's battery against him resulted in the United States agreeing to pay him the settlement amount demanded in the case. (Dkt. 286). Accepting this as true, it is still not enough because it is not a finding of liability on the part of the BOP. Therefore, this cannot be the basis for an extraordinary and compelling reason for compassionate release.

Next, Mr. Eads cites his rehabilitative efforts while incarcerated as an extraordinary and compelling reason for compassionate release. He has participated in and completed several programming classes offered by the BOP, including legal/law classes, cardio and aerobic classes and received several certifications for employment purposes. (Dkt. 284 at 4). While the court commends Mr. Eads for making efforts toward rehabilitation, by statute, rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t). Mr. Eads has not established any extraordinary and compelling reason for a sentence reduction.

Finally, even if Mr. Eads had presented extraordinary and compelling reasons warranting a sentence reduction, the Court would deny his motion because the 18 U.S.C. § 3553(a) factors[1] weigh against him. Weighing in his favor are his health issues, the abuse he has allegedly suffered while incarcerated, and his concern for his parents. Weighing against him, however, is the nature and seriousness of his crimes. *See* (Dkt. 184), Sentencing Transcript, at 95-96 (describing disturbing images distributed by Mr. Eads, his history of sexually and physically abusing teenage girls, and his impersonation of an FBI agent to attempt to hide his crimes). The Court acknowledges that a 480-month sentence might be an unusually long sentence, however, Mr. Eads still has 21 years left of his sentence, so releasing him now would be a substantial reduction that would not reflect the seriousness of his crimes. Moreover, the United Staes Supreme Court in in *Rutherford v. United States* that federal judges cannot use non-retroactive changes in sentencing

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

law or resulting "unusually long" sentence disparities as an "extraordinary and compelling" reason to grant compassionate release. *See Rutherford v. United Staes*, 608 U.S. 454, 146 S. Ct. 1320, 1330 (2026). Perhaps these laws or Mr. Eads circumstances will change, but at present the 3553(a) factors weigh against him.

In light of these considerations, the Court finds that releasing Mr. Eads now would not: reflect the seriousness of his offenses; promote respect for the law; provide just punishment for his offenses; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose."). Accordingly, the Motion must be **denied**.

## III. CONCLUSION

For the reasons stated above, Christopher Justin Eads's Second Motion for Compassionate Release, Dkt. [284], is **DENIED**. His Motions to Supplement his motion seeking compassionate release, Dkts. [286], [287], [289], and [301] are **GRANTED** to the extent that the Court took them into consideration when determining his motion for compassionate release.

**IT IS SO ORDERED.**

Date: November 13, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Justin Eads
Reg. No. 10391-028
FCI Butner Medium I
Federal Correctional Institution
P.O. Box 1000
Butner, NC 27509

All Electronically Registered Counsel